

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| LAURIE LABONIA,<br>Plaintiff | Civil Action No.<br>301CV2399(MRK) |
| v. | |
| DORAN ASSOCIATES, LLC, et al<br>Defendants | October 31, 2003 |

## COMPASS GROUP AND DANIEL PELLECHIA'S MOTION FOR SUMMARY JUDGMENT

Pursuant to Fed. R. Civ. P. 56 and D. Conn. L. R. Civ. P. 56, Defendants Compass Group USA, Inc. ("Compass") and Daniel Pellechia ("Pellechia") hereby respectfully move for summary judgment. In support of this motion, Compass and Pellechia assert as follows:

1. Compass was not Plaintiff Lauri Labonia's ("Labonia") employer and, therefore, has no liability under the federal and state anti-discrimination statutes and the court must grant summary judgment on her first and second counts.

2. Even if Compass was Labonia's employer, Labonia has failed to demonstrate that the work environment was sufficiently hostile to invoke Title VII's and the CFEPA's prohibitions on sexual harassment and the Court must grant summary judgment on her first and second counts.

CTDOCS:1566135.1

3. Labonia's claims of disability discrimination made in her first and second counts must fail because she has no legally protected disability and the court must grant summary judgment on those claims.

4. The CFEPA does not provide for individual liability and summary judgment must be granted on Labonia's second count to the extent that it seeks to impose individual liability on Pellechia.

5. Compass had no power to discharge Labonia, and did not discharge her, so the discriminatory discharge claims she raises in her first and second counts cannot stand.

6. The conduct alleged to have occurred in this case is not sufficiently extreme or outrageous to support a claim for intentional infliction of emotional distress and the Court must grant summary judgment on Labonia's fourth count.

7. The conduct alleged by Labonia does not satisfy the standard for negligent infliction of emotional distress under the Connecticut Supreme Court's decision in *Perodeau v. City of Hartford*, 259 Conn. 729 (2002) and summary judgment must be granted on her fifth count.

8. If summary judgment is granted on all of Labonia's federal claims, the Court must dismiss any remaining state law claims because there will be no federal question jurisdiction and there exists no diversity of citizenship.

WHEREFORE, for the reasons stated herein, as well as those in the accompanying memorandum of law and any oral argument heard on the subject, Defendants Compass and Pellechia respectfully request that the Court grant their motion for summary judgment.

    Respectfully submitted,

    **THE DEFENDANTS**
    **COMPASS GROUP USA, INC. and DANIEL PELLECHIA**

By _____
    David Casey
    Nicole J. Anker [CT 20110]
    **Bingham McCutchen LLP**
    One State Street
    Hartford, CT 06103
    (860) 240-2700
    (860) 240-2818 (fax)
    Their Attorneys

## CERTIFICATION

I hereby certify that a copy of the foregoing has been sent this 31st day of October, 2003 via first class mail, postage prepaid, to the following counsel of record:

John Williams, Esq.
Dawne Westbrook, Esq.
Williams and Pattis, LLC
51 Elm Street - Suite 409
New Haven, CT  06510

Andrew Cohen, Esq.
Letizia, Ambrose & Cohen, P.C.
One Church Street
New Haven, CT  06510

_____
Nicole J. Anker

CTDOCS:1566135.1