UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| LAURIE LABONIA,<br>    Plaintiff | :<br>:  Civil Action No.<br>:  301CV2399(MRK) |
| v. | : |
| DORAN ASSOCIATES, LLC, et al<br>    Defendants | :<br>:  October 31, 2003<br>: |

## COMPASS GROUP'S AND DANIEL PELLECCHIA'S
## LOCAL RULE 56 STATEMENT OF UNDISPUTED FACTS

Pursuant to D. Conn. L. R. Civ. P. 56, the Defendants Compass Group USA, Inc. ("Compass") and Daniel Pellecchia ("Pellecchia") hereby submit the following statement of undisputed facts:

1.    Lauri Labonia ("Labonia") began working for Doran Associates LLC, d/b/a Gardenside ("Gardenside") in January, 2000. Deposition of Lauri Labonia ("Labonia Dep.") p. 319 (Ex. A[1/]).

2.    Gardenside is an assisted living facility which provides living and dining facilities (among other things) to elderly individuals. Deposition of Pellecchia ("Pellecchia Dep."), p. 27. (Ex. B).

CTDOCS:1559565.2

3.  Defendant Compass Group USA, Inc. ("Compass"), doing business as defendant Bateman Food Service, provided food services to Gardenside. Labonia Dep. p. 322; Ex. C.

4.  Labonia applied to work at Gardenside after having seen an advertisement in the newspaper. Labonia Dep., p. 322. The advertisement was in Gardenside's name. *Id.*

5.  Natalie Aldridge, Gardenside's Dining Room Manager at the time, made the decision to hire Labonia. Declaration of Christian Shelton ("Shelton Dec.") ¶ 3 (Ex D).

6.  When she was hired, and for the duration of the time she spent at Gardenside, Labonia was an employee of Gardenside only. Labonia Dep., p. 322 Shelton Dec. ¶ 4.

7.  Labonia was never an employee of Compass or Bateman. Labonia Dep., p. 322; Shelton Dec., ¶ 4.

8.  Labonia was paid for her work at Gardenside by Gardenside. Labonia Dep., p. 323; Shelton Dec., ¶ 5.

9.  Shelton decided whether or not Labonia would be promoted. Labonia Dep., p. 323; Shelton Dec., ¶ 6.

10. Gardenside maintained records of Labonia's hours made decisions on whether she would work overtime and whether she could take vacation. Labonia Dep., p. 323.

---

[1]  All exhibit letters herein refer to the exhibits attached to the Affidavit of Nicole J. Anker in support of Motion for Summary Judgment.

11.     Labonia was supervised, evaluated, and promoted by Gardenside. Labonia Dep., p. 324.

12.     Labonia was promoted from waitress to dining room supervisor by Shelton in April, 2000. Labonia Dep., pp. 74, 78; Shelton Dec., ¶ 6.

13.     Pellecchia started working for Compass at Gardenside replacing Robert Plaumann, Compass' previous sole on-site employee in the fall of 2000. Labonia dep., p. 325.

14.     Pellecchia was not Labonia's supervisor. Labonia Dep., p. 326; Pellecchia Dep., p. 24.

15.     Pellecchia and Labonia worked separately. Labonia Dep., p. 96. He interacted with the kitchen staff and Labonia supervised the wait staff. *Id.*

16.     According to Labonia, Pellecchia was loud and rude to everybody; men and women alike. Labonia Dep., p. 87 - 89; 96 - 101.

17.     When Labonia complained about Pellecchia's behavior, she complained only that he was rude. Labonia Dep., p. 104 - 06.

18.     Pellecchia was incapable of engaging in any retaliatory actions against Labonia because he was not in charge of her. Labonia Dep., p. 354; Pellecchia Dep. p. 51.

19.     On November 3, 2000, Labonia and Pellecchia got into an argument over the heat in the kitchen. Pellecchia Dep., p. 38.

20.     Labonia does not believe that Pellecchia planned the confrontation. Labonia Dep. p. 374 - 75.

21. Pellecchia's behavior on November 3, 2000 (or at any time) and otherwise was not sexual towards Labonia. Labonia Dep., p. 123 - 24.

22. During the time she was at Gardenside, nobody there did anything inappropriately sexual to Labonia. Labonia Dep., p. 124.

23. After the argument between Pellecchia and Labonia on November 3, 2000, both of them were kept apart. Labonia Dep., p. 128.

24. Labonia was permitted to go home for the rest of that day, with pay, and given three days off with pay. Labonia Dep., p. 134 - 35.

25. After November 3, 2000, Pellecchia was no longer assigned to Gardenside and Labonia and Pellecchia never interacted again outside the context of this lawsuit. Pellecchia Dep., p. 43; Labonia Dep., pp. 126-128.

26. Labonia suffered no physical injuries whatsoever from her confrontation with Mr. Pellecchia. Labonia Dep., p. 383; 135 - 36.

27. Labonia never sought medical treatment of any kind as a result of the November 3rd altercation with Pellecchia. Labonia Dep., p. 136.

28. Labonia has not seen a psychiatrist, psychologist or other mental health professional since her termination from Gardenside . Labonia Dep., pp. 360 - 61. She has only seen a general practitioner who prescribed medication for anxiety, a condition which preceded the November 3 incident by decades. Labonia Dep. pp 361, 379-382. No defendant took any adverse employment action against her because of her anxiety attacks. Labonia Dep., p 354.

29. Labonia was fired by Gardenside on December 14, 2000. Shelton had final authority over whether to fire Labonia and he made the decision to do so. Shelton Dec., ¶ 9; Labonia Dep., p. 330.

30. Gardenside provided Workers' Compensation insurance for Labonia. Shelton Dec., ¶ 8

31. There was no unionized workforce at Gardenside. Shelton Dec., ¶ 10.

32. Labonia was not disabled while at Gardenside. Labonia Dep., p. 43.

THE DEFENDANTS,
COMPASS GROUP USA, INC. and DANIEL PELLECHIA

By _Nicole Anker_
David Casey
Nicole J. Anker [CT 20110]
**Bingham McCutchen LLP**
One State Street
Hartford, CT 06103
(860) 240-2700
(860) 240-2818 (fax)
Their Attorney

## CERTIFICATION

I hereby certify that a copy of the foregoing has been sent this 31st day of October, 2003 via first-class mail, postage prepaid, to the following counsel of record:

John Williams, Esq.
Dawne Westbrook, Esq.
Williams and Pattis, LLC
51 Elm Street - Suite 409
New Haven, CT 06510

Andrew Cohen, Esq.
Letizia, Ambrose & Cohen, P.C.
One Church Street
New Haven, CT 06510

_____
Nicole J. Anker

CTDOCS:1559565.2