UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| LAURIE LABONIA,<br>　　　Plaintiff | Civil Action No.<br>301CV2399(MRK) |
| v. | |
| DORAN ASSOCIATES, LLC, et al<br>　　　Defendant | December 23, 2003 |

## COMPASS GROUP'S RULE 56 REPLY BRIEF

**I.　　Introduction**

In her Rule 56 opposition, Ms. Labonia concedes that Compass did not employ her,[1] and that neither it nor Pellecchia are subject to suit under Title VII or the CFEPA. Labonia therefore presses claims against the Compass defendants under common law theories of assault and battery, intentional infliction of emotional distress and negligent infliction of emotional distress only. They arise from allegations that Pellecchia verbally demeaned Labonia and on one occasion physically accosted her. The claims against Pellecchia are direct. Those against Compass are vicarious.

---

[1]　　See page 20, note 7 of plaintiff's brief.

LITDOCS:530363.2

The emotional distress claims fail as a matter of law and the assault claim must be dismissed for lack of federal jurisdiction.

II. **The Claim For Intentional Infliction Of Emotional Distress Fails Because Pellecchia's Conduct Was Not Sufficiently Egregious And Labonia's Distress Was Not Sufficiently Severe. The Claim For Assault And Battery Survives But Must Be Dismissed For Lack Of Federal Jurisdiction.**

Two of three remaining claims against Compass and Pellecchia require little attention. Plaintiff's claim for assault and battery survives because the prima facie elements require a minimal showing of unwelcome physical contact and harm. See, e.g., Criscuolo v. Shaheen, 46 Conn. Supp. 53, 55 (1999). Plaintiff's allegations, though unimpressive, meet this lenient standard. Labonia claims that Pellecchia grabbed her by the arm, turned her to face him and poked his finger against her collarbone while he told her to hang up the telephone. Labonia claims further that this caused her some anxiety. Hardly the stuff of a federal suit,[2] the assault claim nonetheless is for the jury.

The intentional infliction claim fails however because Labonia neither alleges nor advances facts that place Pellecchia's demeaning and on one occasion heavy-handed conduct[3] in the category of that which is so extreme and outrageous as to be utterly intolerable in a civilized

---

[2] Defendants renew their request that, with the federal claims against Compass and Pellecchia abandoned, Labonia's tort claims be dismissed for lack of federal jurisdiction. Labonia does not appear to counter this analysis or request.

[3] This characterization of Pellecchia's conduct is admitted for Rule 56 purposes only.

2

society. See, e.g., Paytan v. Ellis, 200 Conn. 243, 253 (1986). Nor does Labonia proffer evidence that the resulting emotional distress was severe. See Compass's Rule 56 brief at Page 16.

For her part, Labonia cites a handful of cases to support the viability of this claim. None get her over the rail. Three arise in the Rule 12 (b)(6) context and therefore present an entirely different threshold. One construes Illinois law by the Seventh Circuit. Two are unpublished opinions, one of which has been explicitly abrogated. One is from the Appellate Court of Connecticut and addresses the tort in the context of whether or not the trial court was clearly erroneous in determining that plaintiff's proffer met the probable cause standard. One is a superior court decision involving much more egregious facts.

In the only Connecticut Supreme Court decision cited, plaintiff was subjected to repeated physical abuse including being punched and choked, Berry v. Loiseau, 223 Conn. 786, 793 (1992), a far different case than the one presented by Labonia. In the two District Court decisions, plaintiff was "severely harassed and mistreated ... and then constructively discharged" in one, Grossman v. Computer Curriculum Corporation, 131 F. Supp. 2d 299, 310 (D. Conn), and subjected to horrific harassment and retaliation, including having his truck vandalized, his car vandalized, and cases of soda thrown at him from above, in the other. Kennedy v. Coca-Cola Bottling Co., 170 F. Supp. 2d 294, 298 (D. Conn). Here, Pellecchia criticized Labonia's job performance caustically and, on one occasion, confronted her in a fashion that resulted in

3

absolutely no injury or treatment. This is not a case that presents circumstances which are atrocious and utterly intolerable in a civilized society.

### III. Labonia's Claim For Negligent Infliction Of Emotional Distress Does Not Meet Either The Perodeau Or Montinieri Tests.

The Connecticut Supreme Court has made it clear that a claim for negligent infliction of emotional distress arising "in the context" of the workplace exists only if the conduct giving rise to the claim occurs in the termination of plaintiff's employment. Perodeau v. City of Hartford, 259 Conn. 729, 757-8 (2002). Absent that, no legal duty exists to provide a basis for liability. Although Compass was not Labonia's employer, Pellecchia interacted with Labonia essentially as a coworker, and in the work place only. Thus, he had no legal duty toward Labonia other than as it may have arisen in the work place. In that context, he could not be held liable for inflicting emotional distress upon Labonia (negligently) unless he participated in her termination. Id. 754-762. This he did not do. Therefore, Pellecchia is not subject to suit on this claim. Because Compass' exposure is vicarious only, Labonia's claim against it fails as well.

Labonia's negligent infliction claim also fails under the test set forth under Montinieri v. Southern New England Tel. Co., 175 Conn. 337, 345 (1978). On these facts one could not find that Pellecchia objectively "should have realized that [his verbal quips and one minor intervention to get Labonia off the phone] involved an unreasonable risk of causing emotional distress [which] might result in illness or bodily harm". Id. Otherwise, the litigation floodgates would give way to much frivolous litigation.

4

THE DEFENDANTS,
COMPASS GROUP USA, INC. and DANIEL
PELLECHIA


By *Deborah S. Freeman*
        Deborah S. Freeman [CT 05257]
        **Bingham McCutchen LLP**
        One State Street
        Hartford, CT 06103
        (860) 240-2700
        (860) 240-2818 (fax)
        Their Attorney

5

LITDOCS:530363.1

## CERTIFICATION

I hereby certify that a copy of the foregoing Compass Group's Rule 56 Reply Brief has been forwarded this 23rd day of December, 2003 by hand-delivery, to the following counsel of record:

John R. Williams, Esq.
Dawne Westbrook, Esq.
Williams and Pattis, LLC
51 Elm Street - Suite 409
New Haven, CT 06510

Andrew Cohen
Letizia, Ambrose & Cohen, P.C.
One Church Street
New Haven, CT 06510

*Deborah Freeman*
Deborah S. Freeman

6

LITDOCS:530363.1