FILED

FEB 20   3 43 PM '04

U.S. DISTRICT COURT
NEW HAVEN, CONN.

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| LAURIE LABONIA ) | |
| Plaintiff, ) | Civil Action No. |
| ) | 301CV2399(MRK) |
| v. ) | |
| ) | |
| DORAN ASSOCIATES, LLC, et al. ) | February 20, 2004 |
| Defendants. ) | |

**SUPPLEMENTAL MEMORANDUM OF LAW IN SUPPORT OF COMPASS GROUP'S AND DANIEL PELLECHIA'S MOTION FOR SUMMARY JUDGMENT FOR LACK OF SUBJECT MATTER JURISDICTION**

Introduction

In this action, Laurie Labonia ("Labonia") asserted federal discrimination claims against her former employer, Gardenside Terrace ("Gardenside"), discrimination and tort claims against Compass Group ("Compass") and tort claims against Daniel Pellechia ("Pellechia"). With the dismissal of the federal discrimination claims against Compass, Compass and Pellechia seek dismissal of the remaining tort claims on the ground that the Court has discretion to decline to exercise supplemental jurisdiction over such claims under 28 U.S.C. §1367, and should do so under all the circumstances.

ARGUMENT

I. **THIS COURT HAS THE DISCRETION TO DISMISS THE TORT CLAIMS AGAINST COMPASS AND PELLECHIA BY DENYING SUPPLEMENTAL SUBJECT MATTER JURISDICTION.**

28 U.S.C. § 1367 grants federal courts power to exercise jurisdiction over non-federal claims that are sufficiently related to those within the court's original jurisdiction. However, the court may decline to exercise supplemental jurisdiction under certain enumerated circumstances, or where issues of economy and fairness dictate. Jones et al. v. Ford Motor Credit Co., 2004 U.S. App. Lexis 1819 (2nd Cir., Feb. 5, 2004). In Jones, African American car buyers sued Ford Motor Credit ("Ford") alleging racially discriminatory credit practices in violation of the Equal Credit Opportunity Act ("ECOA"). Ford filed counterclaims under state law against several of the plaintiffs for defaulting on their car loans. Pending a ruling on their motion for class certification, plaintiffs moved to dismiss the counterclaims arguing that the federal court lacked subject matter jurisdiction.

The district court dismissed the counterclaims, declining to exercise supplemental jurisdiction. The judge ruled (1) the claim and counterclaims arise out of the same occurrence only in the loosest terms; (2) allowing defendant's counterclaims to proceed in the forum might undermine the ECOA enforcement scheme; and (3) interests of judicial economy would not be served because the counterclaims would involve many separate collections actions, each based on facts specific to the individual plaintiff involved.

C:\Documents and Settings\DCasey\Local Settings\Temporary Internet Files\OLK2\Compass - brief re supplemental jurisdiction.doc
2/20/04 1:59 PM

2

On appeal, the Second Circuit held that the counterclaims and the underlying claim bore a sufficient factual relationship to constitute the same "case" for purposes of section 1367. Critical for our purposes, the court also held that, unless one of the four factors under section 1367(c) is satisfied, a district court should not decline to exercise supplemental jurisdiction *unless* it also determines that doing so would promote economy, convenience, fairness and comity. Jones, 2004 U.S. App. Lexis 1819 at * 22). See also Taylor v. Lenox Hill Hospital, 2004 U.S. App. Lexis 2325 (2nd Cir. Feb. 12, 2004) (where plaintiff's federal claims were properly dismissed prior to trial, the district court had *discretionary authority* to dismiss the remaining state claims [emphasis added]); Roche v. John Hancock Mut. Life Ins. Co., 81 F.3d 249, 256-57 (1st Cir. 1996) (in a federal question case, the termination of the foundational federal claim does not divest the district court of power to exercise supplemental jurisdiction but rather sets the stage for exercise of the court's *informed discretion* [emphasis added]); Bacon v. Travelers Insurance Co., 1996 U.S. Dist. Lexis 1988 (U.S. Dist. La., Feb. 16, 1996) *4 (it is apparent that, while allowing federal courts to take supplemental jurisdiction over state law claims, Congress intended for federal courts to have the discretion to decline such jurisdiction when circumstances so warrant).

In the present case, this court can and should exercise its discretion to decline supplemental jurisdiction. All federal claims against Compass and Pellechia have been dismissed. Labonia will try the federal claim against Gardenside by introducing testimony from multiple witnesses that Pellechia was condescending and abusive toward all Gardenside employees, and she will claim that he was particularly abusive toward women. Labonia thus will

portray Pellechia as a mean-spirited manager who engaged in a sustained pattern of verbally harassing conduct toward everyone with whom he worked, and that his tirade culminated in a physical assault against her. The assault, which lasted just a few seconds, is the central issue in the tort claims against Pellechia.

The evidence of alleged harassment and discrimination against numerous Gardenside employees would be far more prejudicial than probative if applied to the tort claims against Pellechia. No limiting instruction regarding the irrelevance of this testimony to the tort claims will persuade the jury to disregard it when deciding whether Pellechia assaulted or injured Labonia. Rather, the jury is certain to be swayed by such evidence and will be hard pressed, in its light, not to find against Pellechia on the tort claims. Said differently, having developed a distaste for Pellechia based on unrelated evidence of pervasive abusive conduct -- testimony which in large part Gardenside will not contest --the jury might award Labonia significant damages against Pellechia and, vicariously, Compass which otherwise would not be warranted for what is at most a minor assault.

There can be little question that the prejudicial effect on Pellechia of testimony over several days from numerous witnesses that he was condescending and mean-spirited, which has no relevance to any claim against him, provides the Court with a compelling reason under part four of section 1367(c) to decline supplemental jurisdiction. Moreover, in the interest of fairness to Compass and Pellechia, an interest the Court has independent discretion to consider under Jones, trying the claims against them along side the discrimination and harassment claims against

Gardenside will have the effect of denying Compass and Pellechia a neutral starting point from which to defend themselves.

## CONCLUSION

This Court can and should exercise its discretion to decline to exercise supplemental jurisdiction over the tort claims against Compass and Pellechia. The retention of jurisdiction would create far too prejudicial an impact on these defendants. The expected length and gravity of the evidence with respect to the discrimination and harassment claims has very little probative value for the jury's determination of the narrowly defined tort claims that remain.

Respectfully Submitted,

COMPASS GROUP, INC.
DANIEL PELLECHIA

By their attorneys,

*Kimberly White*

Kimberly M. White (ct24375)
Bingham McCutchen LLP
One State Street
Hartford, Connecticut 06110
Tel: (860) 240-2700
Fax: (860) 240-2818
E-mail: kimberly.white@bingham.com

David C. Casey
Littler Mendelson P.C.
225 Franklin Street
Boston, MA 02110
617-217-2831
E-mail: dcasey@littler.com

February 20, 2004

## CERTIFICATION

I hereby certify that a copy of the foregoing has been forwarded this 20th day of February, 2004 via U.S. mail, postage prepaid, to the following counsel of record:

John R. Williams, Esq.
Dawne Westbrook, Esq.
Cynthia H. Doyle, Esq.
Williams and Pattis, LLC
51 Elm Street – Suite 409
New Haven, CT  06510

Andrew Cohen
Letizia, Ambrose & Cohen, P.C.
One Church Street
New Haven, CT  06510

*Kimberly White*
Kimberly M. White