UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | |
|---|---|
| LAURIE LABONIA | : |
| VS. | :     NO. 3:01CV2399 (MRK) |
| DORAN ASSOCIATES, ET AL. | :     MARCH 5, 2004 |

## SUPPLEMENTAL MEMORANDUM OF LAW

Pursuant to 28 U.S.C. § 1367 the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution. The plaintiff's common law claims against Pellacchia and his employer Compass are three: assault and battery, intentional infliction of emotional distress and negligent infliction of emotional distress. The district court has supplemental jurisdiction over these common law claims because they are so related to claims in this action within which this court has original jurisdiction that they form part of the same case or controversy. Pellechia's outrageously condescending and abusive conduct and the assault and battery created a sexually hostile working environment

1

permitted to continue, and to escalate, because of the deliberate inaction of the employer. Proof of the plaintiff's common law claims of assault and battery, intentional infliction of emotional distress and negligent infliction of emotional distress will require the same evidence as the Title VII claim. The core facts required to establish all the claims are similar. Moreover, all of the claims arise out of a common nucleus of operative facts. All remaining claims form part of the same case and controversy.

Pursuant to 28 U.S.C. § 1367 (c) the district court may decline to exercise supplemental jurisdiction if one of the four enumerated reasons exists. The facts of this case fail to invoke any of the enumerated reasons. The defendant's supplemental brief claims 28 U.S.C. § 1367 (c) (4) is applicable. Section (4) states "in exceptional circumstances, there are other compelling reasons for declining jurisdiction." The defendant's brief argues the evidence is far more prejudicial than probative and in the interest of fairness the Court should not exercise supplemental jurisdiction. These claims do not establish exceptional or compelling circumstances.

The plaintiff has provided concrete particulars about her sexually hostile work environment sufficient to defeat summary judgment. As the defendants supplemental brief states the plaintiff replied that Mr. Pellechia "did it to, the dishwasher [a man], on

[only] one occasion, therefore he did it every day to the waitresses and myself [all women with one exception]. Additionally, the plaintiff stated "I think Dan calling people stupid, idiot, more so to the girls than he did to the chefs and the dishwashers [all men]." Pellecchia created a sexually hostile working environment for the plaintiff and all female employees on the wait staff that she headed. Her statements allege that, although Pellecchia was unpleasant to everybody, he targeted female employees for outrageous abuse most of the time.

The statements of plaintiffs' co-workers are not adopted admissions. The fact that they are Exhibits 4-7 of DEFENDANTS memorandum of law and Statement of Material Facts certainly does not make them plaintiffs adopted admissions. The fact that they are included in defendants' materials does not establish that the plaintiff has manifested her adoption or belief in their truth.

Respectfully submitted:

_____
CHRISTY H. DOYLE (ct23458)
Williams and Pattis, LLC
51 Elm Street, Suite 409
New Haven, CT 06510
Telephone: 203.562.9931
Fax: 203.776.9494
E-Mail: jrw@johnrwilliams.com
Plaintiff's Attorney

**CERTIFICATION OF SERVICE**

This is to certify that a copy of the foregoing was sent on the date above stated to the following parties and counsel of record:

Andrew A. Cohen, Esq.                Attorney Nicole J. Anker
Letizia, Ambrose & Cohen, P.C.       Bingham Dana LLP
One Church Street                    One State Street
New Haven, CT 06510                  Hartford, CT 06103-3178

_____
CHRISTY H. DOYLE

4